**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**ALEXANDRIA DIVISION**

| | |
|---|---|
| **RUBEN PAMBUKHCHYAN** | **CIVIL ACTION NO. 26-0136** |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| **U.S. IMMIGRATION & CUSTOMS ENFORCEMENT** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

**REPORT AND RECOMMENDATION**

Petitioner Ruben Pambukhchyan,[1] a detainee at River Correctional Center in the custody of the Department of Homeland Security ("DHS") and the Bureau of Immigration and Customs Enforcement ("ICE") who proceeds pro se, petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241.[2]  For reasons below, the Court should dismiss the Petition.

**Background**

Petitioner is a citizen of Georgia.  [doc. # 6, p. 1].  He was taken into immigration custody on April 20, 2024, after he "arrived [at the] San Ysidro border . . . ."  [doc. #s 1, p. 4; 6-1, p. 11].

Petitioner states that on May 11, 2024, he established a credible fear of persecution if he returned to Georgia; he was detained for further consideration of his application for asylum. [doc. # 6-1, p. 11].  On January 21, 2025, however, an immigration judge denied Petitioner's application for asylum and withholding of removal and ordered Petitioner removed from the

---

[1] Petitioner's "A-Number" is 245-987-331.

[2] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

United States of America. [doc. #s 6, p. 1; 6-1, pp. 13-18]. On February 10, 2025, Petitioner appealed the order to the Board of Immigration Appeals ("BIA"); his appeal is pending. [doc. # 5, p. 1].

Petitioner contracted tuberculosis from another detainee. [doc. # 6, p. 2]. He recovered, but he states that "there is a huge risk to get infected again . . . ." *Id.*

Petitioner filed this proceeding on January 12, 2026. [doc. # 1, p. 8]. Channeling *Zadvydas v. Davis*, 533 U.S. 678 (2001), he claims that he has been detained for a prolonged period and that ICE is not likely to remove him in the near future. *Id.* at 6.

Petitioner seeks release from detention. [doc. # 1, p. 7]. He also suggests that he wants a bond hearing. [doc. #s 6, p. 2; 6-1, p. 11].

### Jurisdiction

Under 28 U.S.C. § 2241(c)(3), the Court has federal subject-matter jurisdiction over habeas petitions filed by aliens claiming they are being detained "in violation of the Constitution or laws or treaties of the United States." *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001). However, the 'REAL ID Act' of 2005 divests federal courts of jurisdiction over several categories of immigration proceedings. *See* Pub. L. No. 109-13, Div. B, 119 Stat. 231 (2005). District courts may not review challenges to final orders of removal. 8 U.S.C. § 1252(a)(5); *Moreira v. Mukasey*, 509 F.3d 709, 712 (5th Cir. 2007). And no federal court may review any action that is committed to the discretion of the Attorney General or the DHS Secretary, 8 U.S.C. § 1252(a)(2)(B)(ii), including decisions "regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole," 8 U.S.C. § 1226(e).

The Supreme Court recognized a distinction between challenges to individual, discretionary detention decisions—which are prohibited—and "challenges to the statutory

2

framework that permits [an] alien's detention without bail"—which remain cognizable under the habeas statute. *Jennings v. Rodriguez*, 138 S. Ct. 830, 841 (2018) (internal alterations omitted) (citing *Demore v. Kim*, 538 U.S. 510, 516 (2003)); *see Aracely, R. v. Nielsen*, 319 F. Supp. 3d 110, 135 (D.D.C. 2018) ("While§ 1252(a)(2)(B)(ii) undoubtedly bars judicial review of individual parole decisions, courts have declined to apply it to claims challenging the legality of policies and processes governing discretionary decisions under the INA.").

Despite any statutory limitations on judicial review, federal courts retain "jurisdiction to review [an alien's] detention insofar as that detention presents constitutional issues," *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005), such as "questions of law regarding the AG's statutory authority or the regulatory framework" governing immigration detention, *Garza-Garcia v. Moore*, 539 F. Supp. 2d 899, 903 (S.D. Tex. 2007); *see also Maldonado v. Macias*, 150 F. Supp. 3d 788, 794 (W.D. Tex. 2015) ("[E]ven after the passage of the REAL ID Act, district courts retain the power to hear statutory and constitutional challenges to civil immigration detention under § 2241 when those claims do not challenge a final order of removal, but instead challenge the detention itself.").

**Law and Analysis**

**I. Overstay in Detention**

In *Zadvydas v. Davis*, 533 U.S. 678 (2001) (emphasis added), the Supreme Court held that if an alien is detained for six months after a *final* order of removal, and if the alien petitioning for habeas corpus "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. "[A]n alien may be held

3

in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

Petitioner's claim, however, is premature because his appeal before the BIA is pending, and, thus, his order of removal is not final. *See Lopez Acosta v. Rosen*, 2021 WL 54772, at *1 (5th Cir. Jan. 6, 2021) ("Because Lopez Acosta is currently pursuing administrative remedies below, he is no longer subject to a final order of removal . . . ."); *Castillo-Rodriguez v. I.N.S.*, 929 F.2d 181, 183 (5th Cir. 1991) ("The order of the immigration judge, then, is not final when a timely appeal is taken to the Board.").

Under 8 U.S.C. §1101(a)(47), an "order of deportation" becomes final upon the earlier of: "(i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the alien is permitted to seek review of such order by the Board of Immigration Appeals."  Likewise, under 8 C.F.R. § 1241.1, "An order of removal made by the immigration judge . . . shall become final: (a) Upon dismissal of an appeal by the Board of Immigration Appeals . . . ."  *See Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

The Court should dismiss this claim.

## II. Conditions of Confinement

Petitioner contracted tuberculosis from another detainee.  [doc. # 6, p. 2].  He recovered, but he states that "there is a huge risk to get infected again . . . ."  *Id.*

"Simply stated, habeas is not available to review questions unrelated to the cause of detention.  Its sole function is to grant relief from unlawful imprisonment or custody and it cannot be used properly for any other purpose.  While it is correctly alluded to as the Great Writ, it cannot be utilized as . . . a springboard to adjudicate matters foreign to the question of the legality of custody."  *Pierre v. United States*, 525 F.2d 933, 935-36 (5th Cir. 1976).

4

"Allegations that challenge the fact or duration of confinement are properly brought in habeas petitions, while allegations that challenge rules, customs, and procedures affecting conditions of confinement are properly brought in civil rights actions." *Schipke v. Van Buren*, 239 F. App'x 85, 85-86 (5th Cir. 2007). "A § 2241 habeas petition is the proper procedural vehicle for challenging an action that 'directly implicates the duration of' a prisoner's confinement. *Davis v. Fechtel*, 150 F.3d 486, 487, 490 (5th Cir. 1998). It is not, however, the proper procedural vehicle for claims . . . regarding the conditions of confinement." *Boyle v. Wilson*, 814 F. App'x 881, 882 (5th Cir. 2020).[3]

In *Moore v. King*, No. 08-60164, 2009 WL 122555, at *1 (5th Cir. Jan. 20, 2009), for instance, the petitioner sought habeas relief, challenging the conditions of his confinement. The court affirmed the dismissal of his claim, citing *Pierre* for the rule that habeas is simply not available.[4]

Here, Petitioner's conditions-of-confinement claim is unrelated to the cause of his detention. The Court should dismiss it.

If Petitioner wants to pursue a civil rights action, he must file a separate proceeding, using the appropriate complaint form. Petitioner should be aware that to file a separate civil

---

[3] *See Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) ("[A] habeas petition 'is the proper vehicle to seek release from custody,' while a civil rights suit pursuant to 42 U.S.C. § 1983 for a state prisoner or under *Bivens* for a federal prisoner is 'the proper vehicle to attack unconstitutional conditions of confinement and prison procedures.'") (quoting *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997)).

[4] *See Mora v. Warden, Fed. Corr. Complex, Yazoo City Medium*, 480 F. App'x 779, 780 (5th Cir. 2012) (affirming dismissal of a 2241 petition as "not cognizable" because it related to the petitioner's "medical needs, and a determination in his favor would not result in his accelerated release."); *Figueroa v. Chapman*, 347 F. App'x 48, 50 (5th Cir. 2009) ("[T]he district court found it could not grant her relief pursuant to Section 2241 because her application was 'not in reference to the imposed sentence—but for medical needs.' We agree."); *McBarron v. Jeter*, 243 F. App'x 857, 857 (5th Cir. 2007); *Watson v. Briscoe*, 554 F.2d 650, 652 (5th Cir. 1977).

rights proceeding, he must either pay the requisite filing fee or submit a properly executed application to proceed in forma pauperis.  Petitioner is advised that the cost of litigating a civil rights complaint pursuant to Section 1983 is significantly higher than the cost of litigating a habeas corpus petition.  Petitioner should likewise be aware that he must exhaust all available administrative remedies before pursuing relief here for his claim concerning his conditions of confinement.

### III. Bond Hearing

Petitioner is detained under 8 U.S.C. § 1225.  [doc. # 6-1, p. 21].  Under 8 U.S.C. § 1225(b)(1)(B)(ii) (emphasis added), "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien *shall be detained* for further consideration of the application for asylum."  Plainly, Section 1225 does not authorize release on bond.  *Jennings v. Rodriguez*, 138 S. Ct. 830 (2018).

This Court addressed the same issue in *Dzheison Ford v. Timothy Ducote, et al*., 3:20-cv-1170, Doc. 19, (W.D. La. Nov. 2, 2020):

> The pertinent portion of 8 U.S.C. § 1225(b)(1)(B)(ii) states as follows: "If the officer determines at the time of the interview that an alien has a credible fear of persecution (within the meaning of clause (v)), the alien shall be detained for further consideration of the application for asylum."
>
> As judges, our job is to interpret the law enacted by the legislative and executive branches of government. The statute does not provide for a bond hearing. The language "shall be detained" is clear.
>
> Respondents cite persuasive authority. In *In re M-S-*, 27 I & N Dec. 509 (2019), the Attorney General of the United States concluded that Section 1225 (b)(1)(B)(ii) requires detention until removal proceedings conclude, except for the possibility of parole, and cannot be read to contain an implicit exception for bond.
>
> In *Department of Homeland Security v. Thuraissigiam*, 140 S.Ct. 1959 (2020), a Sri Lankan national was stopped 25 yards after crossing the southern border of the United States.  He was detained for expedited removal.  An asylum officer

rejected his credible fear claim. Thuraissigiam then filed a federal habeas corpus petition in which he, for the first time, asserted a fear of persecution and requested a new opportunity to apply for asylum. In reversing the appellate court, the Supreme Court found the detention did not violate the Due Process Clause. Although not a case of unreasonable detention, the case is important as to Due Process rights for illegal aliens. Citing *Nishimare Ekin v. United States*, 142 U.S. 651, 660 (1892), the Court held that with regard to foreigners who have never been naturalized or acquired any domicile or residence in the United States, "'the decisions of executive or administrative officers, acting within powers expressly conferred by Congress, are due process of law.'" 140 S. Ct. at 1977.

In *Demore v. Kim*, 538 U.S. 510 (2003), Kim had entered the United States lawfully and had resided in this country for over 10 years before committing a crime, which made him deportable. Like Ford, Kim argued his mandatory detention violated due process when no determination had been made whether he posed a danger to society or a flight risk. Also, like Ford, Kim asked for an individualized bond hearing which was not authorized under the statute. Both the District Court and the Court of Appeals for the Ninth Circuit found the detention without a bond hearing violated Kim's due process rights. In reversing the District Court and Ninth Circuit, the Supreme Court held detention during these proceedings did not violate Kim's due process rights.

Also, like Ford, Kim relied on the case of *Zadvydas v. Davis*, 533 U.S. 678 (2001). In *Zadvydas*, two aliens were held pending removal after final order of deportation. However, no country would take them, so their detention continued for years beyond the 90–day removal period of 8 U.S.C. §1231(a). The Supreme Court held that "once removal is no longer reasonably foreseeable, continued detention is not authorized by the statute." *Id*. at 699. The Supreme Court concluded that six months was a presumptively reasonable period of detention, beyond the removal period, to remove aliens ordered deported. *Id*. at 702.

The *Kim* Court held that *Zadvydas* was materially different because the detention of the aliens in *Zadvydas* was "indefinite" and "potentially permanent." Therefore, the correct standard to apply is to determine whether Ford's detention is "indefinite" or "potentially permanent."

Ford's detention is not "indefinite" or "potentially permanent." Ford's detention ends when the removal proceedings end. Ford's focus on "unreasonable detention" is incorrect. As long as Ford's detention is not "indefinite" nor "potentially permanent," Ford's due process rights are not violated. See also *Jennings v. Rodriguez*, 138 S.Ct. 830 (2018).[5]

---

[5] In *Jennings v. Rodriguez*, a Mexican citizen and lawful permanent resident of the United States filed a petition for writ of habeas corpus on behalf of himself and other aliens detained for over six months without a bond hearing. The Supreme Court reversed the District Court and Ninth

7

Here, Petitioner is not constitutionally entitled to a bond hearing.  As in *Ford*, Petitioner's "detention ends when the removal proceedings end." *Id*.  Accordingly, the Court should deny this ostensible claim.

### Recommendation

For reasons above, **IT IS RECOMMENDED** that to the extent Petitioner Ruben Pambukhchyan seeks release under *Zadvydas*, his Petition be **DISMISSED WITHOUT PREJUDICE** to his right to re-file the claim should his confinement become unconstitutional.

 **IT IS FURTHER RECOMMENDED** that Petitioner's claim concerning his conditions of confinement be **DISMISSED WITH PREJUDICE** here but **WITHOUT PREJUDICE** to his right to raise the claim in a separate civil rights action.

**IT IS FURTHER RECOMMENDED** that Petitioner's request for a bond hearing be **DENIED AND DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the**

---

Circuit Court of Appeals finding detention until the asylum application is finished is a specified period of time and did not violate Rodriguez's due process rights.

8

**legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 23rd day of March, 2026.

_____
Kayla Dye McClusky
United States Magistrate Judge

9